José Llompart, Appellant, *v.* Registrar of Property of San Juan (Second Section), Respondent.

No. 781. Submitted November 4, 1929.—Decided November 26, 1929.

*Enrique Campillo*, for appellant. The registrar did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

Acting on behalf of José Llompart an attorney applied in writing to the Registrar of Property of San Juan, Second Section, for the cancellation of a notice of attachment entered in the registry affecting a certain recorded property which he described. The registrar refused the cancellation on two grounds, namely: (1) because the application was made in the name of José Llompart and not in that of José Rullán, who is the owner of record; and (2) because an attorney can only represent other persons in suits, citing the case of *Igaravídez* v. *Registrar,* 16 P.R.R. 655. The present appeal has been taken from that ruling.

According to section 1 of Act No. 12 of August 29, 1923, on the written application of a party or of the representative of such party, authenticated before a notary, registrars of property shall proceed to cancel in the respective registries, among other things, notices of attachment; and section 6 of the Mortgage Law, as amended by Act No. 20 of 1923, provides that the record of instruments in the registry may be demanded by the person conveying the right; by the person acquiring it; by any person interested in rendering secure the right to be recorded; and by the legal representative of any of the foregoing or by verbal mandate of any of them.

These statutory provisions were considered in the case of *Chiqués* v. *Registrar*, 34 P.R.R. 567, wherein we held that said section 6 is applicable to notices, cancellations and annotations, as well as to records. Therefore, if any verbally appointed agent may apply for the cancellation of a notice of attachment on behalf of the person interested, we fail to see why the application should be refused when made by an attorney and in writing, which is something more than a mere verbal request. This apart from the question as to whether an attorney may, in his capacity as such, present such application in the registry on behalf of his client, which question, by reason of what has been said, need not be decided in the present case. The citation made by the registrar in the *Igaravídez* case, *supra,* is inapplicable to the case at bar, because the holding there was that the authority granted by law to an attorney to represent a client in a suit does not empower him to sell his client's property, since the transaction thus involved is governed by the Civil Code, which requires an express mandate to sell on behalf of another.

As regards the other ground for the refusal we think that the registrar was justified in denying the cancellation, because the property, as shown from the registry, appeared recorded in the name of a person other than José Llompart.

The fact that on the same day of the filing of the request for cancellation, but subsequent thereto, there was also presented for record the deed of sale from José Rullán to José Llompart, did not alter the legal status of the property at the time the cancellation was refused, since the property still belonged of record to José Rullán, and the presentation of the deed of sale did not necessarily mean that the conveyance was actually to be recorded.

For the foregoing reasons, the ruling appealed from must be affirmed.